# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

(1) Usama Darwich Hamade, (2) Samir Ahmed Berro), and (3) Issam Hamade,

        Defendants.

Crim. No. 15-237 (MJD/BRT)

**ORDER**

This action came on for hearing before the Court on January 10, 2020, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Defendants presented various pretrial motions, and the Government presented motions for discovery. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (as to Defendant Usama Hamade).** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other

mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant Usama Hamade filed no objection to the motion. Therefore, Defendant Usama Hamade is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. No. 82**) is **GRANTED**. The Government must disclose the identity of experts and all expert disclosures **45 days** before trial. Defendant's experts must be noticed along with the production of expert disclosures no later than **30 days** before trial.

2. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (as to Defendant Issam Hamade).** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also

seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant Issam Hamade filed no objection to the motion. Therefore, Defendant Issam Hamade is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (**Doc. No. 81**) is **GRANTED**. The Government must disclose the identity of experts and all expert disclosures **45 days** before trial. Defendant's experts must be noticed along with the production of expert disclosures no later than **30 days** before trial.

3. **Defendant Usama Hamade's Motion for Disclosure of 404 Evidence.**

Defendant Usama Hamade moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant Usama Hamade's Motion for Disclosure of 404 Evidence (**Doc. No. 107**) is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

**4. Defendant Issam Hamade's Motion for Disclosure of Rule 404(b) Material.** Defendant Issam Hamade moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial.[1] Defendant Issam Hamade's Motion for Disclosure of 404 Evidence (**Doc. No. 99**) is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

**5. Defendant Usama Hamade's Motion for Disclosure of Evidence Favorable to the Defendant.** Defendant Usama Hamade moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under *Brady* and

---

[1] At the hearing held on January 10, 2020, while discussing Defendants' motions for agents to retain rough notes, the Government represented that certain of the interview summaries in its possession may contain *Brady* material. The Government has represented that it will produce such documents in accordance with its obligations under *Brady*, *Giglio*, and their progeny.

*Giglio*.[2] Defendant Usama Hamade's Motion to Disclose Evidence Favorable to the Defendant (**Doc. No. 108**) is **GRANTED**. Within 10 days of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

    **6.    Defendant Usama Hamade's Motion for Discovery and Inspection.**

Defendant Usama Hamade requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. Defendant Usama Hamade's Motion for Disclosure and Inspection (**Doc. No. 109**) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must

---

2    At the hearing held on January 10, 2020, while discussing Defendants' motions for agents to retain rough notes, the Government represented that certain of the interview summaries in its possession may contain *Brady* material. The Government has represented that it will produce such documents in accordance with its obligations under
Footnote Continued on Next Page

promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

**7. Defendant Issam Hamade's Rule 16 Motion for Discovery.** Defendant Issam Hamade requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. Defendant Issam Hamade also requests a written summary of any testimony the Government intends to offer pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. Defendant Issam Hamade's Motion for Disclosure and Inspection (**Doc. No. 100**) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Defendant Issam Hamade's motion (**Doc. No. 100**) is also **GRANTED** as to his request concerning expert witness disclosures at paragraph

---

Footnote Continued from Previous Page
*Brady*, *Giglio*, and their progeny.

five. The Government must disclose the identity of experts and all expert disclosures **45 days** before trial. Defendant's experts must be noticed along with the production of expert disclosures no later than **30 days** before trial.

8. **Defendant Usama Hamade's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant Usama Hamade requests an order directing the Government to provide a written summary of the expert testimony it intends to use at trial. The Government represents that while it intends to call several expert witnesses at trial, it has not yet identified all of those witnesses. Defendant Usama Hamade's motion **(Doc. No. 110)** is **GRANTED**. The Government must disclose the identity of experts and all expert disclosures **45 days** before trial. Defendant's experts must be noticed along with the production of expert disclosures no later than **30 days** before trial.

9. **Defendant Usama Hamade's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant Usama Hamade moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion insofar as it seeks the retention and preservation of agents' rough notes and represents that it has instructed its agents to do so. The Government does object to disclosure of those notes to the defense. Defendant Usama Hamade's Motion for Government Agents to Retain Rough Notes **(Doc. No. 113)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

**10. Defendant Issam Hamade's Motion to Retain Rough Notes.** Defendant Issam Hamade moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. This motion also seeks production of those notes. The Government does not object to the motion insofar as it seeks the retention and preservation of agents' rough notes and represents that it has instructed its agents to do so. The Government does object to disclosure of those notes to the defense. Defendant Issam Hamade's Motion for Government Agents to Retain Rough Notes **(Doc. No. 101)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

**11. Defendant Usama Hamade's Motion for Bill of Particulars.** Defendant Usama Hamade moves for an order directing the Government to file a Bill of Particulars with respect to Count 2, specifically with respect to the allegations contained in paragraphs 7, 12, 16, 29, and 42 of the Second Superseding Indictment. (*See* Doc. No. 22.) The Government opposes the motion, arguing that the paragraphs in question make clear the essential elements of the charged offense, to wit:

> Defendant Usama Hamade caused an object—a pair of binoculars—to be exported from the United States to Hizballah on December 3, 2013, contrary to a specific law or regulation of the United States—the Export Administration Regulations—without obtaining the export license mentioned in paragraph 16.

(Doc. No. 130, Government's Resp. 6.) At oral argument, Defendant Usama Hamade requested additional time to consider this issue. The Court therefore defers ruling on

Defendant's motion **(Doc. No. 117)** and will take the matter under advisement upon receipt of both parties' post-hearing briefs.

12. **Defendant Issam Hamade's Motion for Early Disclosure of Jencks Act Material.** Defendant Issam Hamade moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500. The Government objects to this motion on the grounds that the Government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Issam Hamade's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 98)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material three business days prior to trial as it has represented it would.

13. **Defendant Issam Hamade's Motion for Disclosure of Government Records Related to Issam Hamade's Membership in Hezbollah.** Defendant Issam Hamade requests an order requiring the Government to produce items related to his alleged membership in Hezbollah for discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under

9

Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. At oral argument, Defendant Issam Hamade represented that he is unable to obtain the items he seeks from other government agencies via subpoena. The Government replied that it takes its discovery obligations seriously and has requested documents Defendant seeks from the State Department but has not yet received a response. Defendant Issam Hamade's Motion for Disclosure of Government Records Related to Issam Hamade's Membership in Hezbollah (**Doc. No. 103**) is therefore **DENIED** without prejudice.

14. **Defendant Issam Hamade's Motion for Disclosure of Government Records Related to SAB Aerospace and Stars Communications.** Defendant Issam Hamade requests an order requiring the Government to produce items related to SAB Aerospace and Stars Communications for discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. At oral argument, Defendant Issam Hamade conceded that the Government may have already produced the relevant documents, but that counsel has not yet had an opportunity to review those materials. Accordingly, Defendant Issam Hamade's Motion for Disclosure of Government Records Related to SAB Aerospace and Stars Communications (**Doc. No. 104**) is **DENIED** without prejudice.

15. **Defendant Usama Hamade's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant Usama Hamade moves to suppress any

physical evidence obtained as a result of a search and seizure because any warrant issued in this case lacked a sufficient showing of probable cause in the supporting affidavit, and because any searches and seizures were conducted without warrant, without probable cause, and lacked any exigent circumstances. The Government opposes this motion. The Court requests post-hearing briefing on the issue. Defendant Usama Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21, 2020**. This Court will take Defendant Usama Hamade's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (**Doc. No. 111**) under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

16. **Defendant Usama Hamade's Motion to Suppress Statements, Admissions, and Answers.** Defendant Usama Hamade moves the Court for an order suppressing all statements, admissions, and answers made by him prior to, at the time of, or subsequent to his arrest including all custodial statements and statements alleged to be made as a part of his South Africa bail proceedings. Defendant Usama Hamade alleges that such statements were made without benefit of counsel, were not given freely or voluntarily, were made without the benefit of a valid Miranda warning, and were the product of an illegal warrantless arrest made without probable cause. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Usama Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21, 2020**. This Court will take Defendant Usama Hamade's

Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 118)** under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

17. **Defendant Issam Hamade's Motion to Exclude Use of Bail Affidavit.** Defendant Issam Hamade moves the Court for an order suppressing two documents disclosed during discovery by the Government titled "Affidavit in Support of Release on Bail" and "Supplementary Affidavit." Defendant Issam Hamade argues that both documents were submitted by Defendant in connection with bail proceedings in South Africa in an effort to secure his release from detention. Thus, allowing the Government to use them would violate Defendant's right against self-incrimination and compelled testimony under the Fifth Amendment. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Usama Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21, 2020**. This Court will take Defendant Issam Hamade's Motion to Exclude Use of Bail Affidavit **(Doc. No. 96)** under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

18. **Defendant Usama Hamade's Motion to Dismiss for Improper Venue.** Defendant Usama Hamade moves to dismiss the Second Superseding Indictment due to improper venue. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Usama Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21,**

**2020**. This Court will take Defendant Usama Hamade's Motion to Dismiss for Improper Venue (**Doc. No. 119**) under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

19. **Defendant Issam Hamade's Motion to Dismiss for Improper Venue.**

Defendant Issam Hamade moves to dismiss the Second Superseding Indictment due to improper venue. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Issam Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21, 2020**. This Court will take Defendant Issam Hamade's Motion to Dismiss for Improper Venue (**Doc. No. 119**) under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

20. **Defendant Issam Hamade's Motion to Dismiss – Statute of Limitations.**

Defendant Issam Hamade moves to dismiss the Second Superseding Indictment alleging that the statute of limitations has already run. This motion also contains a nondispositive request for an order directing the Government to produce grand jury transcripts. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant Issam Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21, 2020**. This Court will take Defendant Issam Hamade's Motion to Dismiss – Statute of Limitations (**Doc. No. 95**) under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

**21. Defendant Issam Hamade's Motion to Exclude and for Pre-Trial Determination of Admissibility of Co-Conspirator Statements.** Defendant Issam Hamade seeks a pretrial hearing to test the admissibility of statements of co-conspirators pursuant to the Federal Rule of Criminal Procedure 12(b)(2) and Federal Rule of Evidence 104. The Government opposes the motion, arguing that under *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978), a statement by a co-conspirator of a defendant on trial for conspiracy is admissible into evidence over a hearsay objection if the government demonstrates by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant and the declarant were both members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy. *Bell*, 573 F.2d at 1043. At oral argument, Defendant Issam Hamade conceded that *Bell* is controlling. Defendant Issam Hamade's Motion to Exclude and for Pre-Trial Determination of Admissibility of Co-Conspirator Statements (**Doc. No. 102**) is **DENIED**.

**22. Defendant Issam Hamade's Motion to Exclude Use of Material Obtained Pursuant to Foreign Mutual Legal Assistance Treaties.** Defendant Issam Hamade seeks an order excluding the use of any materials obtained through the assistance of a foreign government pursuant to a Mutual Legal Assistance Treaty ("MLAT") unless the Government proves that the foreign government has consented to the use of such materials in the investigation and prosecution of Issam Hamade. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant

Issam Hamade shall file his post-hearing brief no later than **February 7, 2020**, and the Government shall file its response by **February 21, 2020**. This Court will take Defendant Issam Hamade's Motion to Exclude Use of Material Obtained Pursuant to Foreign Mutual Legal Assistance Treaties **(Doc. No. 102)** under advisement on **February 21, 2020** and issue a Report and Recommendation to the District Court.

Dated: January 15, 2020         *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge